In re DAKOTAS' FARM MANUFACTURING COMPANY (a Corporation), d/b/a D.F.M., Inc., Happy Hog Stop by D.F.M., Happy Hog Equipment by D.F.M., and D.F.M. Happy Hog Country, Debtor.

SIOUX CITY FOUNDRY COMPANY, Plaintiff,

v.

Obert PENROD, Jr., individually and d/b/a Happy Hog Equipment by D.F.M. and Happy Hog Stop by D.F.M., Defendant.

Bankruptcy No. 482–00342.
Adversary No. 482–0470.

United States Bankruptcy Court, D. South Dakota.

June 29, 1983.

---

Michael J. Schaffer, Davenport, Evans, Hurwitz & Smith, Sioux Falls, S.D., for plaintiff.

Robert L. O'Connor, Sioux Falls, S.D., for debtor.

Patrick J. Kane, Sioux Falls, S.D., for Penrod.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

This matter is before the Court pursuant to a complaint filed by the Sioux City Foundry Company requesting a modification of the automatic stay in order to proceed with a state court action against the president of the debtor corporation. Pursuant to the January 20, 1983, trial held on such complaint and the memorandums of law subsequently filed by counsel for the parties, the Court hereby submits its findings of fact, opinion, and conclusions of law.

The facts are uncontroverted. Sioux City Foundry Company obtained a default judgment against Dakotas' Farm Manufacturing Company in state court on January 19, 1982. Following entry of the judgment, Sioux City Foundry Company unsuccessfully attempted to execute upon the judgment. On April 7, 1982, Sioux City Foundry Company commenced an action to pierce the corporate veil of Dakotas' Farm Manufacturing Company against Obert Penrod, Jr., personally, and Happy Hog Equipment by D.F.M., Happy Hog Stop by D.F.M., and Happy Hog Equipment, Inc. Obert Penrod is the salesman, general manager, and president of Dakotas' Farm Manufacturing Company. Happy Hog Equipment, Inc., has been dismissed as a defendant in the state court action and Sioux City Foundry Company sought to dismiss the other named defendants with the exception of Obert Penrod, Jr. Dakotas' Farm Manufacturing Company, a corporation, d/b/a D.F.M., Inc., Happy Hog Stop by D.F.M., Happy Hog Equipment by D.F.M., and D.F.M. Happy Hog Country, filed for relief under Chapter 11 of the Bankruptcy Code on November 30, 1982. The state court did not grant the

request to dismiss the defendants Happy Hog Equipment by D.F.M. and Happy Hog Stop by D.F.M. pending a determination by this Bankruptcy Court on the application of the automatic stay under 11 U.S.C. § 362 to such dismissal. The state court also declined to order the deposition of Obert Penrod, Jr., and examination of documents to go forward without a ruling from the Bankruptcy Court permitting it to do so.

On December 16, 1982, Sioux City Foundry Company filed a complaint to modify the stay in this Court against Obert Penrod, Jr., individually and d/b/a Happy Hog Equipment by D.F.M. and Happy Hog Stop by D.F.M., requesting a determination of the application of the automatic stay under 11 U.S.C. § 362 to the pending state court proceedings.

■ In this matter, the Court need look no further than the automatic stay provided under 11 U.S.C. § 362 to decide whether or not the plaintiff should be allowed to proceed in state court. Section 362 is explicit in its prohibition against any act or proceeding against a debtor or the property of the estate of a debtor. In the state court action, Sioux City Foundry Company seeks to pierce the corporate veil of Dakotas' Farm Manufacturing Company and hold Obert Penrod, Jr., personally liable for an unsecured debt of Dakotas' Farm Manufacturing Company. Obert Penrod, Jr., is the salesman, general manager, and president of the debtor. Mr. Penrod has not filed for relief under the Bankruptcy Code in his individual capacity. Mr. Penrod is not co-obligor or guarantor of the debt. Under these narrow facts, it is clear that neither the debtor herein nor the debtor's property is affected by the state court proceedings against Obert Penrod, Jr. Therefore, this Court finds that the automatic stay provided by 11 U.S.C. § 362 does not prohibit the continuation of the action in state court by Sioux City Foundry Company against Obert Penrod, Jr.

The automatic stay does apply to prohibit any continuation of the state court action against Happy Hog Equipment by D.F.M. and Happy Hog Stop by D.F.M. as these entities are included in the Chapter 11 petition filed by Dakotas' Farm Manufacturing Company. Therefore, it is appropriate that the plaintiff's request to dismiss these entities as defendants in the state court action could be granted by the state court without violating § 362. 11 U.S.C. § 362.

The plaintiff further requests the opportunity to inspect and copy the books and records of the debtor corporation for the purpose of pursuing its state court action against a party who is not before the Bankruptcy Court. Plaintiff, as a creditor of the debtor corporation, does not deny that it had notice and opportunity to examine the books and records of the debtor at the meeting of creditors. 11 U.S.C. § 341. Plaintiff did not avail itself of this opportunity nor does it deny that it had the opportunity to examine Obert Penrod at such meeting of creditors but did not do so. It is also uncontested that Mr. Penrod has been deposed once in the course of the state court proceeding.

■ This Court has no authority to compel testimony nor production of documents in non-bankruptcy cases. While this Court has no jurisdiction over Mr. Penrod, it certainly has jurisdiction over the property of the debtor corporation. 11 U.S.C. § 541. The Court may modify the automatic stay for cause where there is a lack of interference with the pending bankruptcy case. 11 U.S.C. § 362(d)(1); H.R.Rep.No. 95–595, 95th Cong., 1st Sess. 343–4 (1977); cf. S.Rep.No. 95–989, 95th Cong., 2d Sess. 52–3 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. The Court will modify the stay provided there is no interference with the debtor's Chapter 11 proceeding resulting from the plaintiff's request for production of documents. Balancing the plaintiff's request and failure to pursue that request at the meeting of creditors against the cost to the debtor dictates that the plaintiff bear all copying expense and the salary of any clerical assistance employed on behalf of the debtor in providing the copies. This Court can see no basis for the debtor bearing such expense when the unsecured creditors in the Chapter 11 proceed-

ing ultimately pay these costs. This cannot be justified in a state court action to which the debtor is not a party. The automatic stay will be modified to allow the plaintiff to acquire copies of the documents required as conditioned herein.

■ The last matter before the Court is the debtor's claim that this Court lacks jurisdiction to modify the automatic stay because relief should have been sought by motion instead of complaint. This claim is clearly without basis in law or rules of procedure. Pursuant to Section 362 of the Bankruptcy Code, Rules 701 and 703 of the Bankruptcy Rules of Procedure, and Interim Rule 4001(b), a complaint and not a motion must be filed to modify the automatic stay. Plaintiff properly brought this action by complaint.

This Memorandum Decision shall constitute Findings of Fact and Conclusions of Law. Counsel for the plaintiff shall submit an appropriate order within ten (10) days.